[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER
The defendant has filed a bill of costs as the prevailing party herein, and the plaintiff has objected to two items:
1) a request for fees in the amount of $200.00 for preparation of a difficult case
2) costs in the amount of $3,392.41 for "Map (A-2 Survey) of defendants' property prepared for trial."
Section 52-257 (b) C.G.S. authorizes recovery of costs for maps prepared in a case involving a land dispute such as the case at bar. As the court noted in the memorandum of decision on the merits filed on May 17, 1990, at trial the surveyor testified that $3,392.41 represented his charge for his work on the defendants' behalf, and the court noted that "it therefore has not yet been established what expense the defendants have incurred as to items recoverable as costs pursuant to 52-257 (b) C.G.S." Despite this notice as to the existence of a deficiency in their presentation, the defendants did not present any competent testimony to establish that the amount claimed in fact related to services as to which costs are recoverable.
The defendants attempted to present an affidavit executed by the surveyor, however, the plaintiff objected on the ground that the presentation of evidence in such a form would deprive him of his right to cross-examine. That objection was sustained, and there is therefore nothing before the court which would enable the court to determine whether the claimed $3,392.41 is in fact a reasonable charge limited to the preparation of the maps necessary to the trial of the action, pursuant to 52-257 (b)(5) C.G.S., rather than a charge inclusive of the other services which Mr. Waldo rendered.
The claimed costs in the amount of $3,392.41 are disallowed.
The plaintiff also objects to the claim of $200.00 for CT Page 2155 preparation of a difficult case pursuant to 52-257 (a)(3) C.G.S. The legal issues presented in this land dispute were numerous and fairly arcane. The court finds that the multiplicity of issues and the tangled and complicated factual settings at issue did in fact render this a "difficult" case and that the defendants are therefore entitled to recover $200.00 as a further allowance.
All other costs shall be as taxed by the clerk.
Beverly J. Hodgson, Judge